**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RANDALL W. BEALL,           )<br>                                              )<br>                 Petitioner,       )<br>                                              )<br>vs.                                       )<br>                                              )<br>PALMER, *et al.*,                )<br>                                              )<br>                 Respondents.  )<br>_____/ | 3:10-cv-00706-LRH-VPC<br><br>**ORDER** |

This action is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, a prisoner at the Northern Nevada Correctional Center, has filed a petition and has paid the filing fee for this action. (Docket #1).

The petition shall be served upon respondents. However, the respondents will not be required to answer the petition at this point, because it appears from the petition, and the documents attached to it, that the petition was submitted outside the applicable limitations period and is a second or successive petition. The petition is likely subject to dismissal on those bases.

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. Specifically, and in pertinent part, the statute reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C ) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A-D).

The AEDPA statute of limitations has serious implications for petitioner. According to the habeas corpus petition, petitioner was convicted on April 10, 1992. He appealed the conviction, and has filed more than one federal petition for writ of habeas corpus. *See* Petition, items 2, 3, 4, and 6. It is now more than eighteen years since the conviction became final.

However, the limitations period is not the sole problem with the petition. It also appears that this is a second or successive petition which requires petitioner to seek and obtain leave of the Ninth Circuit Court of Appeal to pursue. *See* 28 U.S.C. § 2244(b)(3) *et seq.* The petitioner will be given an opportunity to show that he has obtained leave to file a second or successive petition from the Court of Appeals. If he is unable to provide proof of this application and order granting leave, the petition will be dismissed.

**IT IS THEREFORE ORDERED** that the Clerk shall electronically **SERVE** the amended petition and this Order upon respondents.

**IT IS FURTHER ORDERED** that respondents need not respond to the petition until ordered to do so by this Court.

**IT IS FURTHER ORDERED** that petitioner shall have **thirty (30) days** from the date of entry of this Order within which to file such proof as he may have to demonstrate that he has obtained leave of the Circuit Court to present this second or successive petition. If petitioner is

1  unable to demonstrate that he has obtained permission of the Court of Appeals, the Court will enter
2  an order dismissing his petition.
3       Dated this 17th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE